IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,          ) | CASE NO. 8:09CR66 |
| )                                  | |
| Plaintiff,                       ) | |
| )                                  | |
| vs.                              ) | |
| )                                  | PRELIMINARY ORDER |
| VICTOR TAMAYO, and               ) | OF FORFEITURE |
| BONFILIO AVILES, a/k/a "Jr",     ) | |
| )                                  | |
| Defendants.                      ) | |

This matter is before the Court on the United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 68). The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1.  The Defendant, Victor Tamayo, pleaded guilty to Counts I and V of the Superseding Indictment. Count I of said Superseding Indictment charges the Defendant with conspiracy to distribute and possess with intent to distribute methamphetamine, a violation of 21 U.S.C. § 846. Count V of the Superseding Indictment charges the Defendant with using $860.00 in United States currency to facilitate the commission of the conspiracy and charges said personal property is derived from proceeds obtained directly or indirectly as a result of the commission of the conspiracy. The Defendant, Bonfilio Aviles, pleaded guilty to Counts I, II, III, and IV of an Information. Count I of said Information charges the Defendant with one count of conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. Count II charges the Defendant with using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Count III of the Information seeks the forfeiture, pursuant to 21 U.S.C. § 853,

of $4,556.00 in United States currency, on the basis it was used or was intended to be used to facilitate the controlled substance violation charged in Count I and/or was derived from proceeds obtained directly or indirectly as a result of the commission of that crime. Count IV of the Information seeks the forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), of a Taurus .40 caliber model PT 24/7 Pro, serial number SAM90533, on the basis that it was a firearm involved or used in the knowing commission of the offense charged in Count II.

2. By virtue of said pleas of guilty, the Defendants forfeit their interest in the subject properties, and the United States should be entitled to possession of said properties, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

IT IS ORDERED:

A.  The United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 86) is hereby sustained.

B.  Based upon Count V of the Superseding Indictment, Counts III and IV of the Information and the Defendants' pleas of guilty, the United States is hereby authorized to seize the $860 and $4,556.00 in United States currency and a Taurus .40 caliber model PT 24/7 Pro, serial number SAM90533.

C.  The Defendants' interests in said properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

D. The aforementioned forfeited properties are to be held by the United States in its secure custody and control.

E.  Pursuant to 21 U.S.C. § 853(n)(1), the United States forthwith shall publish for at least thirty consecutive days on an official Government internet site (www.forfeiture.gov) notice of this Order, Notice of Publication evidencing the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in any of the subject forfeited properties must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F.  Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the properties, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject property and any additional facts supporting the Petitioner's claim and the relief sought.

G.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties subject to this Order as a substitute for published notice as to those persons so notified.

H.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

DATED this 14th day of October, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge