IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  8:09CR66 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| VICTOR TAMAYO, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 117) and the motion for leave to proceed in forma pauperis (Filing No. 119) filed by the Defendant, Victor Tamayo.  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

**FACTUAL BACKGROUND**

Tamayo pleaded guilty to Counts I and V of the Superseding Indictment.  Count I charged Tamayo with conspiracy to distribute and possess with intent to distribute methamphetamine.  Count V charged him with criminal forfeiture.

Tamayo signed his plea petition under oath, stating: he was satisfied with his attorney's[1] performance and had no objections to his legal representation; a plea might not result in a lower sentence; the sentence was for the judge to decide; he understood the maximum penalties; he was voluntarily pleading guilty; no attorney or agent of the government suggested he would receive a lighter sentence or leniency in exchange for his guilty plea; and he was pleading guilty for no reason other than his guilt.  (Filing No. 67.) Tamayo's answers given under oath at his change of plea hearing corroborated the answers in his petition.  (Filing No. 74.)

Tamayo timely filed his § 2255 motion, arguing: his attorneys were ineffective in failing to: file a motion requesting dismissal of the Indictment based on speedy trial grounds; recommending that he plead guilty; file a direct appeal; object to the Presentence Investigation Report ("PSR"); and argue that the government breached the plea agreement.

## DISCUSSION

In order to establish ineffective assistance of counsel, Tamayo must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984).  The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment.  *Id.* at 687-89.  The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense.  *Id.* at 687.

**I.     *Speedy Trial Motion***

---

[1] Tamayo has been represented by three attorneys.  At the time of his change of plea he was represented by Jeff T. Courtney.

Tamayo argues that he asked his attorney to file a motion to dismiss his case based on a violation of his right to a speedy trial. The Court concludes that the government should answer this claim.

## II.     Recommendation to Plead Guilty

### A.     *Count I - Elements*

Tamayo argues that his plea was not knowing or voluntary because his attorney never advised him that in order for him to be found guilty of Count I the government would have to prove beyond a reasonable doubt that he knowingly conspired with another person to commit the underlying offense. However, at his plea hearing Magistrate Judge Gossett advised him of these elements. (Filing No. 74, at 7:10-15.) Moreover, in his Petition to Enter a Plea of Guilty, in answering the question "[w]hat acts did you do that cause you to think you are guilty of the charge(s) to which you want to plead guilty," Tamayo answered: "I sold methamphetamine with others." (Filing No. 67, ¶ 45.) Tamayo admitted to committing each element of Counts I and V. (Filing No. 74, at 2-5.)

Tamayo cannot prove the prejudice prong of the *Strickland* test because he was fully aware of the elements in question and admitted to committing those elements. Therefore, the Court need not address the first element under the *Strickland* test.

### B.     *Deportation*

Tamayo argues that his plea was not knowing or voluntary because his attorney did not advise him that by pleading guilty to Count I he would face deportation. The Court concludes that the government should answer this claim.

## III.    Notice of Appeal

3

Tamayo argues that his attorney was ineffective for failing to file a notice of appeal after he instructed his attorney to do so. Tamayo only states that he wished to appeal from his sentence because he was promised a lesser sentence and because his sentence was unconstitutional.

Tamayo's plea agreement states the parties' agreement regarding the drug quantity and the application of base offense level 34 and the lack of facts that would result in an enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon in connection with the offense. Tamayo's plea colloquy indicates that he was not made any promises other than those in the plea agreement, and the sentence might be different from what he and his lawyer were expecting. Tamayo received a sentence at the low end of his sentencing guideline range, and the promises made in his plea agreement were reflected in his PSR.

Tamayo cannot prove the prejudice prong of the *Strickland* test. Therefore, the Court need not address the first prong under *Strickland*.

### IV.   Objections to PSR

Tamayo argues his attorney was ineffective for not objecting to inaccuracies in the PSR. However, he has not specified any inaccuracies, and the PSR reflects the promises made in the plea agreement.

Tamayo cannot prove the prejudice prong of the *Strickland* test. Therefore, the Court need not address the first prong under *Strickland*.

### V.   Government's Alleged Breach of Plea Agreement

Tamayo argues that the government breached the plea agreement, apparently by not filing a motion for a downward in exchange for substantial subsistence. The plea

agreement was a noncooperation plea agreement and stated that any cooperation would be addressed in a separate document. (Filing No. 68, ¶ 3.) Assuming that Tamayo participated in one or more proffer meetings under a separate proffer agreement, the government's standard proffer agreement clearly mirrors Federal Rule of Criminal Procedure 35 in stating that the government unilaterally decides whether to file a motion.

In any event because the plea agreement was not a cooperation agreement, Tamayo cannot prove either prong of the *Strickland* test.

## CONCLUSION

For the reasons discussed, Tamayo cannot prove either prong of the *Strickland* test with respect to the claims discussed under sections II(A), III, IV, and V[2] above. It "plainly appears" from the record that Tamayo is not entitled to relief, and therefore his motion is summarily denied with respect to those claims.

The United States shall respond to the Defendant's claims discussed in sections I and II(B) above by filing an Answer. In addition to any other issues raised in the Answer, the United States shall address whether the defendant's § 2255 claims are barred by procedural default, waiver, or untimeliness.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 117);

---

[2]This numbering differs somewhat from the Defendant's numbering of his claims to reduce redundancy. The claims may be referred to by the parties as they are numbered in this memorandum and order.

2. Claims II(A), III, IV, and V are summarily dismissed;

3. Upon initial review, the Court finds that summary dismissal of Claims I and II(B) of the Defendant's § 2255 motion is not required;

4. On or before January 28, 2011, the United States shall file an Answer to Claims I and II(B) of the defendant's § 2255 motion and support its Answer with a brief; and

5. On or before February 28, 2011, the Defendant may file a responsive brief;

6. The Defendant's motion for leave to proceed in forma pauperis (Filing No. 119) is held in abeyance; and

7. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 27th day of December, 2010.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge