IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>VICTOR TAMAYO, )<br>)<br>Defendant. ) | CASE NO.  8:09CR66<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 117) filed by the defendant, Victor Tamayo.  The government filed an Answer, a supporting brief and evidence in the form of an Affidavit of defense counsel, Jeff T. Courtney.  (Filing Nos. 125, 126, 127.)  Tamayo did not file a reply.

On initial review, the Court summarily dismissed Claims II(A), III, IV, and V.  Those claims alleged that his attorney was ineffective in various respects.  The Court ordered the government to answer Claims I and II(B).

**FACTUAL BACKGROUND**

Tamayo pleaded guilty to Counts I and V of the Superseding Indictment.  Count I charged Tamayo with conspiracy to distribute and possess with intent to distribute methamphetamine.  Count V charged him with criminal forfeiture.

Tamayo signed his plea petition under oath, stating, among other things: he was satisfied with his attorney's[1] performance and had no objections to his legal representation;

---

[1]Tamayo has been represented by three attorneys.  At the time of his change of plea he was represented by Jeff T. Courtney.

and he was voluntarily pleading guilty. (Filing No. 67.) Tamayo's answers given under oath at his change of plea hearing corroborated the answers in his petition. (Filing No. 74.)

No direct appeal was filed. Tamayo timely filed his § 2255 motion, arguing his attorneys provided ineffective assistance of counsel.

## DISCUSSION

In his remaining claims, Tamayo alleges that his attorney, Jeff T. Courtney, was ineffective in failing to take the following action at the trial stage and to raise these issues on appeal:

- raise the issue of a dismissal of his case based on speedy trial grounds; and
- advise him that a plea to Count I would result in deportation.

In order to establish ineffective assistance of counsel, Tamayo must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

**Claim I: Speedy Trial**

In the government's brief, the Assistant United States Attorney set out a detailed speedy trial calculation. The government's calculation suggests that only 61 or 62 speedy trial days elapsed. It appears that 61 days is the correct number. In either case, Tamayo

would have to show that more than 70 days elapsed before he could prove the prejudice prong under *Strickland*. Moreover, given the government's unrebutted evidence in the form of defense counsel's affidavit, Tamayo cannot prove either prong of the *Strickland* test with respect to the trial or appeal[2] stage and, therefore, this claim is denied.

**Claim II(B): Deportation**

Mr. Courtney stated in his affidavit that Tamayo knew there was an ICE detainer on him, and he stated that he discussed the issue of deportation with Tamayo each time they met at the Douglas County Correctional Center. Again, given the government's unrebutted evidence in the form of defense counsel's affidavit, Tamayo cannot prove either prong of the *Strickland* test with respect to the trial or appeal stage and, therefore, this claim is denied.

## CONCLUSION

Claims I and II(B) are denied on their merits. The rest of the claims were summarily denied. Therefore,

IT IS ORDERED:

1. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 117) is denied as follows:

    a.    Claims II(A), III, IV, and V are summarily denied;

    b.    Claims I and II(B) are denied on the merits;

---

[2]Mr. Courtney attached to his affidavit a copy of a letter written by him to Tamayo reaffirming their two conversations, through an interpreter, regarding Tamayo's expressed desire not to file an appeal. (Filing No. 126.)

2. The Defendant's motion for leave to proceed in forma pauperis (Filing No. 119) is denied;

3. A separate Judgment will be issued; and

4. The Clerk is directed to mail a copy of this memorandum and order to the Defendant at his last known address.

DATED this 21st day of April, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge